IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| RASHAN GREAVES | : | NO. 08-241-02 |

ORDER

AND NOW, this 30th day of September, 2015, upon consideration of defendant Rashan Greaves's ("Greaves") pro se motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), and the Government's response in opposition thereto, and the Court finding that:

(a) On October 17, 2008, Greaves pled guilty to charges of possession, distribution, and conspiracy to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and firearm charges in violation of 18 U.S.C. §§ 924(c) and 922(g);

(b) Greaves was classified as a "career offender," and therefore the applicable Sentencing Guideline was U.S.S.G. § 4B1.1;

(c) Greaves's offense level as a career offender was 37, though his acceptance of responsibility gave him a three-level reduction to offense level 34, for which the guideline range for his sentencing was 262 to 327 months;

(d) The Government recommended a sentence of 140 months in total, and we varied from the guideline range and imposed the recommended sentence of 140 months;

(e) Greaves now moves to have his sentenced reduced pursuant to 18 U.S.C. § 3582(c)(2) in light of Amendment 782, which reduced by two levels the base offense levels assigned to drug quantities that trigger the statutory mandatory minimum penalties in § 2D1.1;

(f) Our Court of Appeals ruled directly on the applicability of amendments to § 2D1.1 to defendants sentenced under § 4B1.1 in United States v. Mateo, 560 F.3d 152 (3d Cir. 2009);

(g) In Mateo, the defendant had been convicted of a drug offense involving crack cocaine and his offense level was determined by § 4B1.1 since he was classified as a "career offender;" id. at 153;

(h) The Sentencing Guidelines were subsequently amended to reduce the base level for crack cocaine offenses under § 2D1.1, and the defendant moved to have his sentence reduced pursuant to § 3582(c)(2);

(i) The Court of Appeals stated that when an amendment decreases a base level drug offense under § 2D1.1, such an amendment does not affect a sentencing range provided by § 4B1.1 for career offenders, id. at 154;

(j) The Court stated that § 3582(c)(2) therefore does not authorize a reduced sentence for defendants sentenced under the career offender guidelines of § 4B1.1 when amendments are made to offenses under § 2D1.1, id.;

(k) The case at hand is perfectly analogous to the situation our Court of Appeals addressed in Mateo;

(l) Here, Greaves moves to have his sentence reduced pursuant to § 3582(c)(2) in light of Amendment 782, which reduced by two levels the base offense levels assigned to drug quantities that trigger the statutory mandatory minimum penalties in § 2D1.1;

(m) Greaves, however, was not sentenced under the guidelines provided in § 2D1.1, but was instead sentenced under the career offender guidelines found in § 4B1.1;

(n) Amendment 782 thus does not affect the guideline range used for Greaves's sentencing; and

(o) Greaves therefore is not eligible for a reduction of sentence pursuant to § 3582(c)(2).

It is hereby ORDERED that defendant Rashan Greaves's pro se motion for reduction of sentence is DENIED.

BY THE COURT:

_____
Stewart Dalzell, J.